**Opinion filed May 7, 2009**



In The

# Eleventh Court of Appeals

———————

## No. 11-08-00252-CV

———————

## BOBBY LUCKY, Appellant

## V.

## KITCHEN CAPTAIN HAINES ET AL, Appellees

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 45787-A**

## M E M O R A N D U M   O P I N I O N

In 2003, Bobby Lucky sued Kitchen Captain Haines, Kitchen Sergeant Jane/John Doe, Infirmary Nurse(s) Jane/John Doe, Physician Nafrauri, Lannette Linthicum, Correctional Officer J. Lopez, Sergeant Hogg, Lieutenant J. Stewards, and Major Jane/John Doe (all employees at the John Middleton Unit of the Texas Department of Criminal Justice, Institutional Division). Lucky alleged gross and common law negligence that resulted in his digestion of contaminated food in the chow hall. Lucky sought a total of $4,500,000 in damages plus attorney's fees. Lucky amended his petition in 2005 with additional factual allegations to support his claims.

In April 2007, Lucky's claims as to Haines were dismissed. On September 3, 2008, the trial court signed an order dismissing Lucky's remaining claims. We affirm.

On appeal, Lucky argues that the trial court erred in dismissing his claims without allowing him adequate and sufficient opportunity to clarify his claims, that the trial court ignored and refused to review his pro se notice of settlement, that his confinement and his medical condition did not allow him sufficient time to prepare his claims, and that the physician named as defendant was liable for his injuries. The State responds by pointing out that Lucky failed to comply with the requirements of TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (Vernon 2002). Lucky has filed an amendment to brief contending that the trial court neither reviewed his case pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (Vernon 2002) nor allowed him the opportunity to amend his claims.

The record before this court reflects that the trial court did not abuse its discretion. Lucky failed to comply with Sections 14.004 and 14.005. The trial court was not required to conduct a hearing prior to dismissal. Section 14.008. Moreover, we note that Lucky's suit was pending for five years before it was dismissed. The record does not support Lucky's claims that he was denied the opportunity to pursue his claims. All of Lucky's arguments have been considered, and each is overruled.

The order of the trial court is affirmed.

PER CURIAM

May 7, 2009
Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2